IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

KEITH L. WOOLFORD,                     )
                                       )
            Plaintiff,                 )
                                       )
      v.                               ) Civ. No. 12-516-SLR
                                       )
WARDEN G. R. JOHNSON, et al.,          )
                                       )
            Defendants.                )

## MEMORANDUM ORDER

At Wilmington this 31st day of July , 2012, having screened the case pursuant to

28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that: (1) the complaint is dismissed as frivolous and for failure

to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915 and

§ 1915A; and (2) plaintiff is given leave to amend, for the reasons that follow:

1. **Background**.  Plaintiff Keith L. Woolford ("plaintiff"), an inmate at the Sussex

Correctional Institution ("SCI"), Georgetown, Delaware, who proceeds pro se and has

been granted in forma pauperis status, filed this complaint pursuant to 42 U.S.C. §

1983 raising medical needs claims.[1]  (D.I. 3)

2. **Standard of review**.  This court must dismiss, at the earliest practicable time,

certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state

a claim, or seek monetary relief from a defendant who is immune from such relief. *See*

28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has
deprived him of a federal right, and that the person who caused the deprivation acted
under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner

actions brought with respect to prison conditions). The court must accept all factual

allegations in a complaint as true and take them in the light most favorable to a pro se

plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v.*

*Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is

liberally construed and his complaint, "however inartfully pleaded, must be held to less

stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551

U.S. at 94 (citations omitted).

     3. An action is frivolous if it "lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and

§ 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an

indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional"

factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir.

1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995)

(holding frivolous a suit alleging that prison officials took an inmate's pen and refused to

give it back).

     4. The legal standard for dismissing a complaint for failure to state a claim

pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used

when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d

Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a

claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for

failure to state a claim upon which relief may be granted pursuant to the screening

2

provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to amend her complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief."[2] *Id.* at 211. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

---

[2]A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

3

6. **Discussion**.  The complaint contains a number of allegations related to plaintiff's medical condition and care.  It appears that plaintiff has had an organ transplant.  He alleges that Correctional Care Solutions ("CCS") failed to take him to a nephrologist, its employees failed to dispense proper medications and proper doses, and it fails to keep anti-rejection medication in stock.  Plaintiff alleges that Dr. McDonald ("Dr. McDonald") and Richard Catts ("Catts") prescribed medication that is dangerous to his transplant organ, may affect his liver function, and causes edema in his legs.  Plaintiff alleges that Warden G. R. Johnson ("Johnson") allowed CCS into SCI without checking references of its employees.[3]  Finally, plaintiff alleges that he has not been provided with a C-PAP machine for his sleep apnea.

7. **Personal involvement/respondeat superior**.  Although plaintiff names Mary Tolson ("Tolson"), Terah Chapman ("Chapman"), Nurse Tracy ("Tracy"); Nurse John ("John"); Nurse Charles Collins ("Collins"); Nurse John Doe #1 ("John Doe #1"); Nurse Jane Doe #1 ("Jane Doe #1"), and Nurse Jane Doe #2 ("Jane Doe #2") as defendants, there is no mention of them in the complaint.  As is well known, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).  Even when reading the complaint in the most favorable light to plaintiff, it fails to state actionable constitutional claims against Tolson, Chapman, Tracy, John, Collins, John Doe #1, and Jane Does #1 and #2.  Therefore, the

---

[3]The allegations against Johnson are frivolous and fail to state a claim of a violation of plaintiff's constitutional rights.

4

claims against them will be dismissed as frivolous pursuant to 28 U.S.C. §
1915(e)(2)(B) and § 1915A(b)(1).

8. **Medical**. Plaintiff makes a number of claims regarding his medical care and
treatment. However, it is not clear when the alleged acts took place. A civil rights
complaint must state the conduct, time, place, and persons responsible for the alleged
civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing
*Boykins v. Ambridge Area Sch. Dist.,* 621 F.2d 75, 80 (3d Cir. 1980); *Hall v.
Pennsylvania State Police,* 570 F.2d 86, 89 (3d Cir. 1978)).

9. The Eighth Amendment proscription against cruel and unusual punishment
requires that prison officials provide inmates with adequate medical care. *Estelle v.
Gamble*, 429 U.S. 97, 103-105 (1976). In order to set forth a cognizable claim, an
inmate must allege (i) a serious medical need and (ii) acts or omissions by prison
officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S.
at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

10. "[A] prisoner has no right to choose a specific form of medical treatment," so
long as the treatment provided is reasonable. *Lasko v. Watts*, 373 F. App'x 196, 203
(3d Cir. 2010) (not reported) (quoting *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d
Cir. 2000)). An inmate's claims against members of a prison medical department are
not viable under § 1983 where the inmate receives continuing care, but believes that
more should be done by way of diagnosis and treatment and maintains that options
available to medical personnel were not pursued on the inmate's behalf. *Estelle v.
Gamble*, 429 U.S. 97, 107 (1976). Moreover, allegations of medical malpractice are not

5

sufficient to establish a Constitutional violation. *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990) (citations omitted); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a Constitutional deprivation). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

11. Even when reading the complaint in the most favorable light to plaintiff, he fails to state an actionable constitutional claim for deliberate indifference to a serious medical need. As noted above, plaintiff does not indicate when the alleged acts took place. In addition, many of the allegations fall under the aegis of a medical malpractice/negligence claim, rather than deliberate indifference. It is well-established that allegations of medical malpractice are not sufficient to establish a Constitutional violation. *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990) (citations omitted); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a Constitutional deprivation). Accordingly, the court will dismiss the medical needs claims as for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). However, since it appears plausible that plaintiff may be able to articulate a claim against a defendant or name alternative defendants, he will be given an opportunity to amend as to this claim. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (not published) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

6

12.  **Conclusion**.  For the above reasons, the complaint is dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).  Plaintiff is granted leave to amend his pleading as to the medical needs claims.  The amended complaint shall be filed within thirty (30) days from the date of this order.  If plaintiff does not file an amended complaint within the time allowed, then the case will be closed.

UNITED STATES DISTRICT JUDGE

7